# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JAMES MCCUNE,

      **Plaintiff,**

v.                                          Civil Action Number:   2:24-cv-00605

**ARAMARK CORRECTIONAL SERVICES, LLC,
ARAMARK FOOD SERVICE CORPORATION,
SHANNON LANHAM,
and CORRECTIONAL OFFICER JOHN/JANE DOES**

      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, James McCune, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff, James McCune (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia. At the time of the incidents described herein, Plaintiff was incarcerated at Huttonsville Correctional Center ("HCC"). Plaintiff is currently incarcerated at St. Mary's Correctional Center.

2. West Virginia Division of Corrections (hereinafter "WVDCR"), is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia.

3. Defendant, Shannon Lanham, was an employee of Aramark Food Service Corporation, (hereinafter "Aramark") and/or Aramark Correctional Services, LLC (hereinafter "Aramark Corrections"). Defendants Aramark and Aramark Corrections are food service businesses that contracted with the WVDCR to provide such services. Upon information and belief, Shannon Lanham did not receive the requisite training prior to being around inmates such as Plaintiff.

4.  Defendant Aramark Correctional Services, LLC, is a foreign company that is licensed to do business in West Virginia and its designated office is in Charleston, West Virginia. Aramark Corrections does continuous and systematic business in Charleston, Kanawha County, West Virginia. Defendant Aramark Food Service Corporation is a is a foreign company that is licensed to do business in West Virginia. Aramark does continuous and systematic business in Charleston, Kanawha County, West Virginia.

5.  Defendant John/Jane Does were correctional officers employed by the WVDCR and employees of Aramark Food Service Corporation and/or Aramark Correctional Services, LLC. By policy, these Defendants were responsible to carry out their duties in a manner to provide for the safety and security of inmates. John/Jane Does were informed by inmates that Defendant Shannon Lanham was having sexual relations with Plaintiff. Despite being on notice of this information, Defendants John/Jane Does failed to report or investigate the allegations of inappropriate sexual conduct made by Plaintiff, in violation of W.Va. Code and WVDCR Policy and Procedures. Defendants John/Jane Does' conduct was reckless, outrageous and/or deliberately indifferent to the well-being and safety of plaintiff.

6.  The willful and intentional acts and omissions of the defendants directly resulted in plaintiff being sexually harassed and abused on multiple occasions. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff further asserts that he is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein.

7.  All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

8. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 7 as if set forth herein.

9. At all times relevant herein, Plaintiff was an inmate at the Huttonsville Correctional Center. Plaintiff had a job in the kitchen at HCC and worked in the meat room. This was a locked room and only correctional officers and Aramark/Aramark Corrections employees had access to the room.

10. As an inmate of the WVDCR, Plaintiff worked under the authority and supervision of Defendant Lanham who acted, at all times pertinent hereto, as an agent and contract employee of the WVDCR and provided food services on behalf of Defendants Aramark and Aramark Corrections.

11. During Plaintiff's incarceration, Aramark and Aramark Corrections, by and through its officer, agent, and employee Lanham, subjected Plaintiff to inappropriate physical and sexual contact.

12. During the months of November 2022, December 2022, and January 2023, Mr. McCune was subjected to inappropriate physical and sexual contact by Aramark/Aramark Corrections employee, Shannon Lanham, who was working at Huttonsville Correctional Center. While Plaintiff was working in the meat room, Defendant Lanham grabbed Plaintiff's hand and put it down her pants. Defendant Lanham then placed her hand down Plaintiff's pants and touched Plaintiff. Over the course of three months, Defendant Lanham engaged in inappropriate sexual acts, including oral sex and sexual intercourse with the Plaintiff, roughly over fifty times in total. In exchange, Defendant Lanham gave Plaintiff extra food, brought him cigarettes and outside drinks such as Red Bull. Defendant Lanham also messaged Plaintiff on his tablet from her own

personal device to communicate with him.

13. Defendant Lanham told Plaintiff that she did not have to worry about him saying anything or telling anyone about her inappropriate conduct because investigators would believe her over him. Additionally, Defendant Lanham was married to the brother of Kelly Lanham, who was Chief of Security.

14. Correctional Officer Doe(s) and Aramark/Aramark Corrections employee Does were told about the inappropriate conduct of Defendant Lanham and failed to take any action to remove Plaintiff from her direct supervision role or to protect Plaintiff.

15. Defendant(s) Doe(s), in violation of West Virginia Division of Corrections and Rehabilitation Policy Directive 430.00 failed to take any meaningful steps to stop or investigate the reported sexual misconduct of Lanham. Pursuant to WVDCR Policy Directive 430.00 there is zero tolerance for any acts of sexual abuse, misconduct or harassment between inmates and employees or contractors.

16. Over the course of the three months the inappropriate sexual conduct by Lanham occurred, Division of Corrections and Aramark/Aramark Corrections personnel were on notice that Defendant Lanham had engaged in inappropriate sexual acts with plaintiff. Defendants Does, failed to properly investigate this matter or protect Plaintiff by moving him away from the control and supervision of Defendant Lanham. Despite said knowledge, the WVDCR and Aramark/Aramark Corrections and their employees, took no action to intervene or respond to the inappropriate conduct, and/or reports of said conduct.

17. Plaintiff was at all relevant times in fear of having a bad review or report from Defendant Lanham. Plaintiff believed that an adverse report could result in a poor review and failure to achieve a timely release. Plaintiff also feared retaliation from correctional officers if he

said anything, since Defendant Lanham was related to a high-ranking officer.

18. Upon information and belief, this matter was investigated and substantiated and Defendant Lanham was terminated from employment.

19. Defendants' actions have caused Plaintiff severe emotional and mental injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights

## COUNT I - OUTRAGEOUS CONDUCT

20. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 19 as if set forth herein.

21. Defendants John/Jane Does' knowledge of Defendant Lanham's conduct and failure to report, investigate, act and intervene is outrageous. The willful and intentional failure to report, investigate, act and intervene is outrageous and unconscionable conduct. The willful and intentional failure to act occurred despite the knowledge that severe emotional distress and inappropriate sexual contact was certain to occur.

22. Defendant Lanham's conduct of subjecting Plaintiff to inappropriate physical and sexual contact was also outrageous given her position of authority over plaintiff. Defendant Lanham knew or should have known that severe emotional distress was certain, or substantially certain, to result from her inappropriate sexual contact with Plaintiff.

23. Defendant Lanham's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes extreme and outrageous conduct and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

24. Defendants Does' failure to act constitutes extreme and outrageous conduct and has resulted in plaintiff suffering severe emotional distress. The Defendants' outrageous conduct resulted in Plaintiff suffering severe emotional distress and injury. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights.

## COUNT II – BATTERY BY DEFENDANT LANHAM

25. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 though 24 as if set for herein.

26. Defendant Lanham's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes battery.

27. Defendant Lanham's battery of Plaintiff caused Plaintiff to suffer severe emotional distress. By allowing the battery to occur, Defendants Aramark, Aramark Corrections, WVDCR employees and Aramark/Aramark Corrections employees violated Policy Directives which are in place to protect plaintiff from harm.

28. Defendant Lanham's conduct of subjecting Plaintiff to inappropriate physical and sexual contact constitutes battery and has resulted in plaintiff suffering great emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendant's violation of his rights

## COUNT III – NEGLIGENCE

29. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 28 as if set forth herein.

30. Defendants John/Jane Does who were employed by Aramark and Aramark Corrections had a duty to report the suspected inappropriate sexual activity by Defendant Lanham,

as well as the reports from inmates of the inappropriate sexual activity.

31. Defendants John/Jane Does were negligent when they learned of said conduct and failed to report it.

32. Defendants John/Jane Does were negligent when they witnessed and/or were told about the inappropriate sexual activity by Defendant Lanham and failed to take any steps to stop it, report it, or to otherwise protect Plaintiff from Defendant Lanham. Defendants' failure to act was a breach of their duty to Plaintiff.

33. As a direct and proximate result of this negligence and negligent conduct, plaintiff was subjected to inappropriate sexual conduct. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

### COUNT IV - RECKLESS/GROSS NEGLIGENCE/SUPERVISION TRAINING/HIRING

34. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 33 as if set forth herein.

35. Defendants Aramark and Aramark Corrections failed to properly train, supervise and screen Defendant Lanham prior to hiring her and placing her in contact with inmates.

36. Defendants Aramark and Aramark Corrections had a duty to protect Plaintiff from inappropriate sexual conduct and harassment by its employees while plaintiff was incarcerated in the facility. Despite said duty, Defendants Aramark and Aramark Corrections negligently and/or recklessly failed to fulfill their duty when multiple PREA and industry hiring standards were violated. Specifically, Defendants Aramark and Aramark Corrections failed to properly vet Defendant Lanham and then failed to provide adequate training regarding sexual harassment and

its prohibition in the workplace.

37. As a direct and proximate result of this negligent, grossly negligent and/or reckless conduct, plaintiff was subjected to inappropriate sexual conduct. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights

## COUNT V- VIOLATION OF 42 USC §1983 BY DEFENDANT LANHAM

38. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 37 as if set forth herein.

39. Defendant Lanham's conduct of subjecting Plaintiff to inappropriate physical and sexual contact was done to Plaintiff under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant Lanham used her position of authority over plaintiff to inappropriately touch and have sexual contact/intercourse with Plaintiff while Plaintiff was incarcerated. Defendant Lanham knew or should have known that severe emotional distress was certain, or substantially certain, to result from her inappropriate sexual contact and harassment of Plaintiff. Defendant's conduct was completely inappropriate and is cruel and unusual punishment.

40. Defendant Lanham's sexual misconduct and harassment of Plaintiff was in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. The conduct as described herein was unwarranted, illegal, and amounts to cruel and unusual punishment. "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." *Jackson v. Holley*, No. 16-6896 (4th Cir. Nov 18, 2016).

41. The conduct of Defendant Lanham was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law. Defendant Lanham would have known that her conduct violated plaintiff's constitutional rights as a result of legal precedent.

42. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT VI -DELIBERATE INDIFFERENCE-VIOLATION OF 42 USC §1983

43. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 42 as if set forth herein.

44. Defendants John/Jane Does were at all times herein acting under the color of state law and are being sued in their individual capacity.

45. Defendants John/Jane Does acted with deliberate indifference when they allowed plaintiff to be sexually abused without intervening. Defendant Doe(s) were informed of the inappropriate sexual conduct and had a duty to protect plaintiff from sexual misconduct by another employee. Defendant(s) Doe(s), employed by both the WVDCR and Aramark/Aramark Corrections knew that the sexual harassment and abuse presented a risk of serious emotional injury to Plaintiff.

46. Defendant(s) Doe(s) acted with deliberate indifference when they failed to intervene on Plaintiff's behalf, to report the sexual harassment/misconduct, or follow any of the

PREA policies and procedures in place to protect inmates such as Plaintiff from sexual abuse. Defendant(s) Doe(s) were further deliberately indifferent by failing to intervene, discipline, or report the actions of Defendant Lanham. Due to the failure of Defendant(s) Doe(s) to take any meaningful action to protect Plaintiff, Defendant(s) Doe(s) were directly and a proximate cause for Plaintiff being sexually abused and injured.

47. This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy 430.00.

48. Defendant(s) Doe(s) acted with deliberate indifference to the safety of plaintiff in violation of the Eighth Amendment to the Constitution of the United States of America in violation of 42 U.S.C. §1983 by failing to intervene when Defendant Lanham was subjecting Plaintiff to inappropriate sexual contact. Moreover, Defendant(s) Doe(s) would have known through training and legal precedent that their conduct (deliberate indifference to a dangerous condition), was a violation of plaintiff's constitutional rights under the Eighth Amendment. Defendant(s) Doe(s) had knowledge of the dangerous condition created by Defendant Lanham, as well as an opportunity to act and prevent plaintiff from being harmed.

49. Defendant(s) Doe(s)' conduct is a failure-to-protect. Their conduct satisfies the two prongs of the legal standard established by Federal Courts. The first is objective, requiring that the prisoner has suffered "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)(internal quotation marks omitted). The second is subjective, requiring that the prison official have demonstrated "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Although that standard "entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with

knowledge that harm will result." *Id.* at 835.  Specifically, deliberate indifference "requires that a prison official actually know of and disregard an objectively serious . . . risk of harm." *De'Lonta,* 330 F. 3d at 634.

50. Plaintiff suffered a serious and significant emotional injury as a result of the conduct of the Defendants. Moreover, Defendant(s) Doe(s) were deliberately indifferent to Plaintiff's health and safety when they failed to intervene after receiving verbal reports of the misconduct from Defendant Lanham.

51. The acts and omissions of Defendant(s) Doe(s) as described herein violated the Eighth Amendment to the Constitution of the United States of America and gives rise to the action against Defendant(s) Doe(s).  Defendant(s) Doe(s) through their training and legal precedent knew that they had a duty to protect inmates from harm.  Defendant(s) Doe(s) were aware of the misconduct and were in a position to intervene.

52. As a direct and proximate result of the deliberate indifference of Defendants Does toward plaintiff, plaintiff incurred severe emotional injury, pain and suffering and severe emotional distress. This conduct was a proximate cause of plaintiff's severe emotional distress. Plaintiff also suffered severe mental anguish, embarrassment, and humiliation and has otherwise been greatly damaged through defendants' violation of his rights.

53. The actions of Defendants Does were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs.

## COUNT VII
## VICARIOUS LIABILITY

54. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 33 as if set forth herein.

55. Defendants Aramark and Aramark Corrections are vicariously liable for the conduct of their employes under the doctrine of respondent superior, as Defendant Lanham and Defendant Does were acting within the scope of their employment at the time the inappropriate acts described herein occurred as described in Counts I, II, and III of this Complaint. Moreover, Defendants Aramark and Aramark Corrections were responsible for ensuring compliance with policy directives set forth in this complaint as well as other directives in place to ensure the safety and wellbeing of inmates.

56. The actions of Defendant Lanham occurred while she was working for Aramark and Aramark Corrections as an officer, agent, and/or employee and was acting within the scope of her employment during the events described herein for the allegations set forth in Counts I and II of this Complaint. Plaintiff asserts that Defendant Lanham's conduct was within the scope of her authority and for the employer's benefit.

57. The actions of Defendants Jane/John Doe occurred while they were working for Aramark and Aramark Corrections as officers, agents, and/or employees and were acting within the scope of their employment during the events described herein for the allegations set forth in Counts I and III of this Complaint. Plaintiff asserts that Defendants John/Jane Does conduct was within the scope of his or her authority and for the employer's benefit.

58. Plaintiff suffered serious emotional injury from the conduct described herein. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the individual defendants as well as attorney's fees and costs. Defendants Aramark and Aramark Corrections are vicariously liable for Defendant Lanham's conduct because she was acting within the general scope of her

employment. Defendants Aramark and Aramark Corrections are also vicariously liable for Defendants Does conduct because they were acting within the general scope of their employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff requests such other and further relief as this Honorable Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JAMES MCCUNE,
By Counsel,

/s/ Paul Stroebel_____
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329