IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES MCCUNE,

                Plaintiff,

v.                                                CIVIL ACTION NO.   2:24-cv-00605

ARAMARK CORRECTIONAL SERVICES,
LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Aramark Correctional Services, LLC's Motion to Dismiss* (Document 6), the *Memorandum in Support of Defendant Aramark Correctional Services, LLC's Motion to Dismiss* (Document 7), the *Plaintiff's Memorandum Response to Defendant Aramark Correctional Services, LLC's Motion to Dismiss* (Document 16), and the *Reply to Plaintiff's Memorandum Response to Defendant Aramark Correctional Services, LLC's Motion to Dismiss* (Document 17), as well as the Plaintiff's *Complaint* (Document 1).   For the reasons stated herein, the Court finds that the motion to dismiss should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, James McCune, was incarcerated at Huttonsville Correctional Center at all relevant times.   Defendant Shannon Lanham was employed by Aramark Food Services Corporation[1] and/or Aramark Correctional Services, LLC, which provided food service at

---

[1] The Plaintiff and Defendant Aramark Correctional Services, LLC, stipulated to the voluntary dismissal of all claims against Defendant Aramark Food Services Corporation.   (Document 19.)

Huttonsville and other facilities within the West Virginia Division of Corrections and Rehabilitation. The Complaint also names as Defendants "Correctional Officer John/Jane Does," alleged to be "correctional officers employed by the WVDCR and employees of Aramark Food Service Corporation and/or Aramark Correctional Services, LLC." (Compl. Caption and ¶ 5.)

Mr. McCune worked in the meat room, a locked room within the kitchen at Huttonsville, where he was supervised by Ms. Lanham. Ms. Lanham was hired without adequate vetting or training. Her sister-in-law was Chief of Security at the facility. For a three-month period from November 2022 until January 2023, Ms. Lanham sexually abused Mr. McCune while he was working in the meat room. She touched his genitals, grabbed his hand and put it down her pants, and engaged in oral sex and sexual intercourse with him, on more than fifty occasions. She gave him extra food, cigarettes, and energy drinks in return. She communicated with him by messaging his tablet from her personal device. She told him that investigators would believe her over him if he reported her conduct. Mr. McCune feared that Ms. Lanham would file a bad review or report to interfere with his timely release, and he feared retaliation from other correctional officers if he reported the abuse.

The Doe Defendants "were told about the inappropriate conduct of Defendant Lanham and failed to take any action to remove Plaintiff from her direct supervision role or to protect the Plaintiff." (Compl. at ¶ 14.) Despite the knowledge of the Doe Defendants, "WVDCR and Aramark/Aramark Corrections and their employees, took no action to intervene or respond to the inappropriate conduct, and/or reports of said conduct." (*Id.* at ¶ 16.) Eventually, Ms. Lanham was terminated from employment following an investigation.

The Plaintiff brings the following causes of action: Count I – Outrageous Conduct (both as to Defendant Lanham's sexual abuse and the Doe Defendants' failure to act); Count II – Battery by Defendant Lanham; Count III – Negligence (related to the Doe Defendants' failure to act); Count IV – Reckless/Gross Negligence/Supervision/Training/Hiring (as to the Aramark Defendants);[2] Count V – Violation of 42 U.S.C. §1983 by Defendant Lanham; Count VI – Deliberate Indifference, Violation of 42 U.S.C. § 1983, as to the Doe Defendants; and Count VII – Vicarious Liability (as to the Aramark Defendants, for the conduct of Defendant Lanham and the Doe Defendants alleged in Counts I, II, and III).

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

---

[2] The Plaintiff has voluntarily withdrawn the claims in Count IV. (Pl.'s Resp. at 2) (Document 16.)

555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to

4

dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Aramark contends that the Plaintiff has failed to state a claim against it as to any cause of action. It argues that it cannot be held vicariously liable for the alleged intentional torts of Ms. Lanham because her alleged sexual abuse of the Plaintiff was outside the scope of her employment and in no way served the interest of Aramark as her employer. Aramark contends that the negligence of the Doe Defendants cannot support a vicarious liability claim either, noting that the Doe Defendants were described as correctional officers, and it does not employ correctional officers. In addition, it argues that the complaint lacks sufficient specific factual allegations to set forth a claim for vicarious liability against Aramark for the conduct of unidentified employees, given the "gaping absence of specific information concerning the roles, identities, and employer(s) of the Correctional Officer John/Jane Does." (Def.'s Mem. at 10.)

The Plaintiff argues that Aramark can be held vicariously liable for both the negligent and intentional torts of its Doe employees and the intentional torts of Ms. Lanham. He contends that he has sufficiently alleged that Aramark's employees were acting within the scope of their employment at all relevant times, and a jury should determine whether Aramark should be held vicariously liable.

Under West Virginia law, "[t]he general rule is that an employer is responsible for all of the acts of its agents or employees that are done within the course and scope of their employment. Individual agents or employees may also be held individually responsible for their acts done within the course and scope of their employment." *Travis v. Alcon Lab'ys, Inc.*, 504 S.E.2d 419, 430–

31 (W. Va. 1998). "The doctrine of *respondeat superior* imposes liability on an employer for the tortious acts of its employees, not because the employer is at fault, but merely as a matter of public policy…the employer may only be held liable to the extent that the employee can be held liable, and only for acts committed by the employee in the course of his or her employment." Syl. Pt. 12, *Dunn v. Rockwell*, 689 S.E.2d 255, 259 (W. Va. 2009). "[I]ntentional or reckless acts of an employee or supervisor may be imputed to the employer, if those acts were committed within the scope of employment." *Travis*, 504 S.E. 2d at 431. "An employer must do what it can to prevent outrageous conduct arising from the employment relationship and must respond swiftly and effectively to complaints of such conduct." *Id.* at 432.

The West Virginia Supreme Court has adopted the Restatement factors for determining whether conduct is within the scope of employment: "if the conduct is (1) of the kind he is employed to perform; (2) occurs within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the master, and (4) if force is used, the use of force is not unexpectable by the master." *W. Virginia Div. of Corr. & Rehab. v. Robbins*, 889 S.E.2d 88, 103 (W. Va. 2023) (emphasis omitted). "The 'purpose' of the act is of critical importance." *Id.* "Whether an act falls within the scope of employment generally presents a question of fact," unless "the facts are undisputed and no conflicting inferences are possible." *Crawford v. McDonald*, No. 21-0732, 2023 WL 2729675, at *7 (W. Va. Mar. 31, 2023). "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id*. (quoting *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d at 769).

The Plaintiff alleges that Aramark is vicariously liable for the tort of outrage, which relates to both Ms. Lanham's sexual abuse and the Doe Defendants' failure to report, investigate, and intervene to stop that abuse. In addition, he alleges that Aramark is vicariously liable for the battery claim against Ms. Lanham and the negligence claim as to the Doe Defendants.

The factual allegations against Ms. Lanham are similar to those in *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, wherein the West Virginia Supreme Court found that alleged repeated sexual assaults committed by a correctional officer were manifestly outside the scope of employment, unrelated to the duties of his job, and "in no way furthered the purposes of the [employer]." 766 S.E.2d 751, 769–72 (W. Va. 2014). Here, too, Ms. Lanham's alleged sexual abuse of Mr. McCune has no relationship to her job duties providing food services to Huttonsville Correctional Center for Aramark. On these allegations, there can be no inference that her conduct was motivated by an effort to further the purposes of Aramark. Therefore, the motion to dismiss must be granted with respect to the vicarious liability claim for the battery and tort of outrage claim against Ms. Lanham.

The Plaintiff alleges that the Doe Defendants engaged in outrageous conduct by intentionally failing to report, investigate, act, and intervene when they knew of Defendant Lanham's conduct, and further alleges that their failure to report the conduct or otherwise protect the Plaintiff was negligent. As the Defendant points out, it is not clear that the Plaintiff has alleged that the Doe Defendants were employees of Aramark, as opposed to correctional officers employed by WVDCR. Because vicarious liability claims require the existence of an employment relationship, as well as allegations supporting a claim that the acts at issue were within the scope of employment, the Court finds that more detailed allegations of the Doe Defendants' employment

7

status and roles are necessary to support a vicarious liability claim. Thus, the Court finds that the motion to dismiss the vicarious liability claim as to the alleged torts of the Doe Defendants should be granted without prejudice to potential amendment following identification of the Doe Defendants.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Aramark Correctional Services, LLC's Motion to Dismiss* (Document 6) be **GRANTED**, that Counts IV and VII of the Plaintiff's complaint be **DISMISSED**, and that Defendant Aramark Correctional Services, LLC, be **DISMISSED** from this action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 28, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA